No. 11-2964-cv
Farraj v. MTA, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of October, two thousand twelve.

PRESENT:   JON O. NEWMAN,
                     GERARD E. LYNCH,
                     RAYMOND J. LOHIER, JR.,
                                         *Circuit Judges.*

_____

MICHAEL FARRAJ,
                                         *Plaintiff-Appellant*,

                     v.                                                                    No. 11-2964-cv

METROPOLITAN TRANSIT AUTHORITY OF NEW YORK,
NEW YORK CITY TRANSIT, NEW YORK CITY TRANSIT
AUTHORITY, METROPOLITAN TRANSIT AUTHORITY
NEW YORK CITY TRANSIT,
                                         *Defendants-Appellees*.

_____

FOR APPELLANT:        LINDA M. CRONIN (Christopher F. Bellistri, *on the brief*),
                                   Cronin & Byczek LLP, Lake Success, New York.

FOR APPELLEE:         ROBERT KENNETH DRINAN (Joyce Rachel Ellman, *on the brief*), Office of the General Counsel, New York City Transit Authority, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Michael Farraj appeals from the district court's order dismissing his claims of denial of due process and equal protection under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution, New York State Executive Law § 296, New York State Correction Law § 752, and the Administrative Code of the City of New York § 8-107.  See Farraj v. Metro. Transit Auth., No. 11-CV-0574, 2011 WL 2580198 (E.D.N.Y. June 28, 2011).  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Farraj drove a bus for defendants from 1996 until 2009.  In August 2009 Farraj was criminally charged with participating in an illegal gambling operation.  Defendants subsequently suspended Farraj without pay, and sent him a Disciplinary Action Notification stating that he had violated multiple MTA/NYCTA rules, detailing the offending conduct, and charging him with "Gross Misconduct and Conduct Unbecoming a Transit Employee." In February 2010 Farraj pleaded guilty to the gambling charge, a felony, and was sentenced to three years' probation and a civil forfeiture of $150,304.  Farraj remained suspended until his June 2010 arbitration, when an impartial arbitrator, after a hearing, sustained defendants' proposed penalty of discharge pursuant to Article 11, Section 2.1.C.19.c of the Collective Bargaining Agreement ("CBA") governing his employment.  That section provides that an arbitrator shall affirm a decision to dismiss an employee who is charged with behavior

"which, if proved in Court, would constitute a felony . . . except if there is presented . . . credible evidence that [dismissal] is clearly excessive in light of the employee's record and past precedent in similar cases."

Farraj argues on appeal that Section 2.1.C.19.c violates the Equal Protection Clause because it furthers defendants' "impermissible policy of discharging 'ex-felons' simply because they are 'ex-felons.'" Farraj argues that pursuant to Furst v. New York City Transit Authority, defendants are required to "demonstrate some relationship between the commission of a particular felony and the inability to adequately perform a particular job" before "excluding ex-felons as a class from employment." 631 F. Supp. 1331, 1338 (E.D.N.Y. 1986).

We need not decide whether Furst, which of course is not binding on us, correctly states the law. Assuming arguendo that a governmental policy that automatically terminated the employment of convicted felons would violate the Equal Protection Clause, this case does not present us with such a policy. Defendants' policy is individuated and does not require automatic termination of felons. First, the disciplinary charge did not accuse Farraj of being convicted of a felony, but with the violation of specific employment rules. Second, Section 2.1.C.19.c of the CBA does not require dismissal of all convicted felons, but permits the arbitrator to weigh the facts and decide whether dismissal would be "clearly excessive" on the facts of the particular case. The arbitrator concluded that dismissal was not inappropriate on these facts, which included that Farraj had committed parts of his illegal conduct on MTA premises and while wearing clothing identifying him as an MTA employee.

3

Farraj also argues that he was unfairly treated differently from a fellow employee, who was charged as part of the same gambling scheme but was later reinstated as a bus driver. However, Farraj's own pleading demonstrates that he and the other employee were not similarly situated. Farraj's complaint acknowledged that the purported comparator was granted a deferred prosecution and was ordered to forfeit much less money ($6,000, as compared to Farraj's $150,304), apparently because he made less profit from the gambling scheme. To the extent Farraj contends that he was denied equal protection as compared to his fellow-employee, that claim was properly dismissed. See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that to bring a successful equal protection claim as a "class of one," a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4